## Price v. Price.

*John N. Landberg*, for complainant; *Charles Polis*, for respondent.

MacNEILLE, J., February 6, 1932.—We are considering preliminary objections to an amended bill in equity.

The complainant states that the respondent was her husband by marriage, but that they have been divorced as of December, 1929; that before their marriage the respondent had "promised orally that he would strictly adhere to the marriage rituals and ceremonies, and obey all regulations affecting marital and post-marital relations obtaining and practiced among Hebrews, and submit all disputes that might arise out of their said intended civil and religious marriage contract to the arbitration and jurisdiction of a recognized Jewish rabbi, on a plane and footing coequal with powers exercised by civil and judicial authorities in like juridical matters."

Complainant further avers that in December, 1929, she proceeded to secure a divorce from respondent and succeeded in doing so in the civil courts. She now prays that Philip Price, her former husband, be ordered to appear with her before a recognized Hebrew clergyman and there make oral or written declaration that he agrees to free the complainant from the bonds of matrimony in accordance with practice, morals, ethics and traditions of the Hebrew

faith; further, that the respondent be restrained from leaving, and that he remain within, the jurisdiction of the court pending the final disposition of these proceedings.

This is indeed an unusual prayer. We believe we have no right to order anyone to secure any kind of a divorce—whether it be civil or religious. We believe we would have no such right even if the respondent to this bill had been the libellant in the divorce proceedings. However, it was the complainant, Ida Weinstein Price, who was the libellant, and we are now asked in effect to order this respondent to take steps to look to the securing of a divorce. We are asked, further, to order him to state, either orally or in writing, his declaration to a rabbi that he agrees to free his erstwhile wife from the bonds of matrimony.

We cannot direct him to submit himself to a rabbi for the purpose of procuring a divorce, and we certainly cannot direct (as is prayed) that he must consent to be divorced. The civil tribunals are certainly without authority to order one to follow the practices of his faith. This is a matter dependent entirely upon his conscience, or upon his religious belief.

We, therefore, think the objections to the amended bill are good and that the bill filed should be dismissed.